## J. R. PAINE *v.* PEYTON R. GILL.

1. USURY: HIGH COURT WILL NOT NOTICE DEFENCE UNLESS MADE IN THE COURT BELOW. — The High Court of Errors and Appeals will not relieve against usury, when the defence was not made in the court below.
2. PRACTICE IN HIGH COURT: REVERSAL OF JUDGMENT FOR EXCESS IN CALCULATION OF INTEREST OR DAMAGES. — When an excess in the calculation of interest or damages is relied on as a reason for the reversal of a judgment, Rule 25 of the High Court of Errors and Appeals requires that a true calculation, in writing and figures, shall be presented to the court, with a certificate by some counsellor not interested in the cause, that the calculation is correct.

ERROR to the Circuit Court of Panola county. Hon. A. M. Clayton, judge.

The action was founded upon a promissory made by plaintiff in error, and Robert Hardie, on the 15th of May, 1859, due the first day of January after date, to intestate of defendants in in error, " bearing twelve and a half per cent interest from date as per contract." The declaration describes the note, and " demands judgment for the amount of the note with *legal interest.*" The plaintiff in error appeared and pleaded the general issue, which was withdrawn and judgment *nil dicit* rendered on the 19th May, A.D. 1867, for the sum of five hundred and twelve dollars and sixty cents. From this judgment plaintiff in error prosecutes a writ of error to this court. The errors assigned are stated in the opinion of the court.

*Taylor & Peete* for plaintiff in error.

*Miller & Miller* for defendants in error.
No brief of counsel on file.

JEFFORDS, J., delivered the opinion of the court.
There are two assignments of error.

1. That the note upon which judgment was rendered in the court below, bears interest at the rate of $12\frac{1}{2}$ per cent per annum, and it was error to give judgment in any sum in excess of the legal interest allowed by law.

2. That the judgment specified in the record, $512\frac{1}{4}$ dollars, is not the amount with interest at the rate of $12\frac{1}{2}$ per cent per annum from the date of the original note, but greatly in excess of the true sum.

It appears from the record, that the defendant in the Circuit Court was duly served with process. Having had his day in court, without making his defence, it is now too late. Had he then come forward and made the objection which he now seeks to raise, the defendants could have rebated the excess, and taken judgment for the legal rate of interest. Having failed to do so at the proper time and place, he has no right to come now and ask this court to correct that which was the result of his own default.

The second assignment is disposed of by the 25th rule of this court, which requires that "when a party relies on an excess in the calculation of interest or damages, as a reason for reversing a judgment, a true calculation shall be presented to the court, in writing and figures, with a certificate by some counsellor, not interested in the cause, that the calculation is correct; and no such error will be noticed unless so presented to the court." No such certificate has been presented. We decline, therefore, to examine the second assignment at all.

Judgment affirmed.